MARY CANNON by her next friend, JULIA CANNON, v. JAMES STUART.

ALTHOUGH a negro or mulatto child bound under the third section of the seventy-ninth chapter of the revised statutes, has no remedy by petition to be discharged therefrom under the statute, except for cruelty, ill usage, treatment not conformable to the terms of binding and breach of contract, under the proviso contained in the sixteenth section thereof, she may by writ of *habeas corpus* be discharged therefrom for any illegality or invalidity whatever in the binding.

HABEAS CORPUS case. The petition alleged that Mary Cannon (n.) was a minor under the age of twenty-one years, and was unlawfully restrained of her liberty by the respondent, James Stuart, by virtue of a certain pretended binding by indentures of apprenticeship under the third section of chapter seventy-nine of the revised statutes of the State, *Rev. Code* 245, and that the same was altogether illegal, invalid and void. The return of the respondent admitted the facts alleged in the petition, and upon his appearance, waived a hearing and submitted the case to the decision of the court.

*By the Court.* A very general, but at the same time, a very erroneous impression has prevailed, that inasmuch as the act of Assembly referred to, under which the petitioner had been bound as an indentured servant, or apprentice, to the respondent, contains a provision and a *proviso* that when the binding has been under the third section of that act, the Court, Chancellor, or Judge before whom a petition for discharge from such indenture or binding, shall be presented, shall not inquire into the circumstances under which the indenture was executed, or in other words, into the illegality or invalidity of the binding, but shall only inquire as to cruelty, ill usage, or treatment not comformable to the terms of binding and breach of contract, that there is no remedy and no power whatever under the laws and constitution of the State, for such a cause and in such a case, to discharge the indentured minor from such servitude or apprenticeship, although it is made illegal and invalid by the express terms of the act itself. But the application in the present case is by writ of *habeas corpus*, and not by petition, the remedy prescribed and provided for in the act, and as the latter remedy is wholly statutory in its character, and is entirely the creature of the legislature, and was given by it in such cases, it was perfectly competent for the legislature to limit and restrict it at its will and discretion. The remedy by writ of *habeas corpus*, however, rests upon other and very different grounds, be-

cause it is guaranteed and secured by the constitution itself, paramount to a law or the will of the legislature, for the benefit of any one and every one who is unlawfully deprived or restrained of his, or her liberty; and it is, therefore, not in the power of the legislature to take away the right of any one to it, or to the remedy furnished by it, or to limit, restrict, abridge, impair, or to suspend it in any degree, except in the exigencies specially provided for in the constitution. To give the third section of the act referred to, the absolute and unlimited effect which some have supposed the legislature designed it should have, would consequently be not only in derogation of this great and inestamable right and privilege, but would bring it in direct conflict with this provision of the constitution.

In this case the indenture and binding was illegal, and was consequently invalid and void on two distinct grounds. First, because the constable who gave the information required under the act, and upon which the two justices of the peace proceeded to bind the petitioner, gave no notice whatever, much less thirty days' notice which the law required, to the mother of his intention to do so, unless she provided a suitable home for her with some respectable white person in the mean while; and in the second place, because the two justices of the peace on that information proceeded at once to bind the petitioner without delaying it until five days after their hearing of the case, to afford the mother an opportunity of indemnifying the county against the petitioner becoming a charge upon it, as was also required by the act. And this proceeding not being by petition under the act, but by writ of *habeas corpus* under the constitution, which is paramount to that, or any other statute of the legislature, the petitioner is hereby discharged from the said indentures of apprenticeship, and from her servitude to the respondent.